UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 21-168 |
| NOEL CHENEAU | SECTION M |

**ORDER & REASONS**

Before the Court is a motion filed by defendant Noel Cheneau to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1]  The United States of America ("the government") responds in opposition,[2] and Cheneau replies in further support of his motion.[3]  Having considered the parties' memoranda, the record, and the applicable law, the Court denies the motion.

**I.    BACKGROUND**

On December 2, 2021, Cheneau and a co-defendant were indicted by a grand jury in the United States District Court for the Eastern District of Louisiana with two counts of conspiracy to distribute and possess with the intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (Counts 1 and 2).[4]  The indictment also included a sentencing enhancement as to Cheneau pursuant to 21 U.S.C. § 851(a)(1), which specified that, if convicted of the offenses charged in Counts 1 and 2, Cheneau, who had a prior drug conviction for which he served a term of imprisonment of more than 12 months within the last 15 years, faced an enhanced mandatory minimum sentence of 15 years to life imprisonment.[5]

---

[1] R. Doc. 180.
[2] R. Doc. 194.
[3] R. Doc. 206.
[4] R. Doc. 1 at 1-2.  The co-defendant was also charged with one count of possession with the intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (Count 3). *Id.* at 2.
[5] *Id.* at 2-3.

On January 5, 2022, Cheneau was arrested and had his initial appearance before the magistrate judge.[6] Two days later, on January 7, 2022, Cheneau's retained counsel was enrolled and Cheneau was arraigned, at which time he stipulated to detention.[7] On November 15, 2023, this Court conducted a *Frye* hearing to ensure that Cheneau was aware of, and understood, the government's unofficial plea offer.[8] Cheneau rejected the offer.[9]

Then, on January 3, 2024, the government filed a single-count superseding bill of information against Cheneau that charged him with one count of conspiracy to distribute and possess with the intent to distribute 100 grams or more of heroin.[10] The superseding bill also included a notice of sentencing enhancement.[11] That same day, the government also filed an information to establish Cheneau's prior conviction pursuant to 21 U.S.C. § 851, which stated that he faced a mandatory minimum sentence of 10 years' imprisonment if he was convicted of the single count charged in the superseding bill of information.[12]

On January 4, 2024, Cheneau appeared before this Court for a combined arraignment and rearraignment proceeding.[13] This Court reviewed and approved Cheneau's waiver of indictment.[14] It also confirmed that Cheneau understood the offense for which he was charged, the minimum and maximum statutory sentences he faced, and how the enhancement could affect his prison sentence.[15] The Court also explained that it was not bound by the federal sentencing guidelines.[16] The government filed a factual basis as to which Cheneau confirmed that he had the opportunity

---

[6] R. Doc. 17.
[7] R. Docs. 23; 25; 26; 27.
[8] R. Doc. 110.
[9] *Id.*
[10] R. Doc. 113 at 1-2.
[11] *Id.* at 2.
[12] R. Doc. 112 at 1-2.
[13] R. Doc. 114.
[14] R. Doc. 189 at 6-8.
[15] *Id.* at 8-11, 14.
[16] *Id.* at 11.

to pose questions to the prosecutor.[17] Cheneau represented to the Court that he understood the factual basis and the evidence described therein, and he agreed that he committed the acts recounted in that document.[18] Cheneau signed a plea agreement and indicated to the Court that he understood its provisions.[19] Cheneau confirmed that: (1) he understood the proceedings; (2) his guilty plea was not induced by any promises; and (3) he was not forced or threatened into pleading guilty.[20] Pursuant to this Court's customary practice, it asked Cheneau three times whether he wished to plead guilty, and each time, Cheneau so pleaded.[21] Cheneau stated that he was satisfied with his attorney's advice and services.[22] The Court determined that Cheneau's guilty plea was both knowing and voluntary, and adjudged him guilty of Count 1 of the superseding bill of information and the sentencing enhancement.[23]

On April 25, 2024, Cheneau appeared before this Court for sentencing.[24] He did not object to his presentence investigation report, or its addenda, prepared by the United States Probation Officer.[25] This Court calculated Cheneau's guidelines sentencing range to be between 46 and 57 months' imprisonment; however, Cheneau faced a mandatory minimum sentence of 120 months' imprisonment.[26] Cheneau made a statement in mitigation of punishment.[27] The Court sentenced Cheneau to 120 months' imprisonment, followed by an eight-year term of supervised release.[28] The Court advised Cheneau of his right to appeal his conviction and sentence to the extent any

---

[17] R. Docs. 117; 189 at 23-24.
[18] R. Doc. 189 at 24-25.
[19] R. Docs. 116; 189 at 15-22.
[20] R. Doc. 189 at 5, 22-23.
[21] *Id.* at 12, 14, 27.
[22] *Id.* at 26.
[23] R. Docs. 114; 189 at 28.
[24] R. Doc. 140.
[25] R. Doc. 190 at 3-4.
[26] *Id.* at 6.
[27] *Id.* at 6-8.
[28] R. Docs. 142 at 2-3; 190 at 8-9.

such rights were not waived by his guilty plea and plea agreement.[29] Cheneau did not file a direct appeal.

## II.    PENDING MOTION

On April 14, 2025, Cheneau filed the instant motion to vacate, set aside, or correct his sentence pursuant to § 2255, arguing that his conviction and sentence should be vacated for several reasons.[30] First, Cheneau argues that the indictment was defective and he was not advised about the defects and his right to appeal the issues related to those defects.[31] Next, he contends that he received ineffective assistance of counsel when counsel failed to: (1) challenge the defective indictment; (2) object to multiplicitous charges; (3) contest the unconstitutional sentencing enhancement; and (4) introduce exculpatory evidence available at the time of the plea or sentencing.[32] Third, Cheneau asserts that he was not properly advised about procedural irregularities, due process violations, and the right to appeal those issues because: (1) he was not provided adequate notice of hearings; (2) there were multiple statutory deadlines that were not observed; and (3) there were evidentiary issues, including (a) the admission of hearsay without a proper exception, (b) failure to provide adequate time for expert witness designations, and (c) improper exclusion of relevant documentary evidence.[33]

In opposition, the government argues that Cheneau, in his plea agreement, waived any right to contest his conviction and sentence in any collateral proceeding (unrelated to ineffective assistance of counsel), and this Court should enforce that waiver.[34] As to Cheneau's ineffective assistance claims, the government argues that Cheneau must "affirmatively prove" prejudice

---

[29] R. Doc. 190 at 14.
[30] R. Doc. 180. The government concedes that the motion was timely filed within one year of the date the conviction became final. R. Doc. 194 at 4.
[31] R. Docs. 180 at 4; 180-1 at 1-2.
[32] R. Docs. 180 at 5-6; 180-1 at 2-3.
[33] R. Docs. 180 at 7-11; 180-1 at 2-3.
[34] R. Doc. 194 at 5-7.

arising from his counsel's alleged deficiencies, which he cannot do, rendering an evidentiary hearing unnecessary.[35] The government maintains that any supposed deficiencies in the indictment are irrelevant because Cheneau pleaded guilty to a single-count superseding bill of information, which Cheneau does not challenge as defective and which could not have been multiplicitous.[36] Further, the government argues that Cheneau's counsel was not ineffective for failing to contest the constitutionality of 21 U.S.C. § 851(a), because Cheneau was properly and timely notified of its applicability, it is not required to be alleged in an indictment, and he pleaded guilty knowing that his sentence would be enhanced due to his prior conviction.[37] Also, the government contends that Cheneau's counsel was not ineffective for failing to introduce nonexistent exculpatory evidence.[38] Finally, the government asserts that Cheneau's remaining arguments are conclusory and lack support in the record because he was provided notice of, and appeared at, all critical hearings, no deadlines were missed, and any objections that were not filed were tactical decisions on counsel's part.[39]

Cheneau replies, arguing that his claims are not waived because his counsel's alleged deficient performance directly affected the plea and appellate waiver.[40] Cheneau contends that his counsel's failure to object to the deficient and multiplicitous indictment permeated his decision to plead guilty because he may have chosen to go to trial had he known of the potential appellate issues and the defective indictment adversely affected his negotiating position for a plea deal.[41] Next, Cheneau argues that counsel was deficient for failing to challenge the application of the §

---

[35] *Id.* at 7-19.
[36] *Id.* at 9-11.
[37] *Id.* at 11-13.
[38] *Id.* at 13-14.
[39] *Id.* at 14-15.
[40] R. Doc. 206.
[41] *Id.* at 3-9, 11-16, 19.

5

851 enhancement.[42] Although he concedes that the enhancement was properly applied under Fifth Circuit case law, he argues that the law is evolving as regards the application of § 851 and his counsel should have objected to the enhancement not being charged in an indictment or found by a jury to preserve the issues for appellate review.[43] Cheneau further asserts that his plea was unfairly influenced by the short time frame between the filing of the superseding bill of information and the rearraignment and also his lack of information leading into the *Frye* hearing.[44] Finally, Cheneau argues that the government failed to disclose evidence, or did so untimely, which prevented him from obtaining experts.[45]

### III. LAW & ANALYSIS

#### A. Section 2255 Standard

Pursuant to 28 U.S.C. § 2255(a), a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." A narrow set of claims are cognizable on a § 2255 motion: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the statutory maximum; or (4) the sentence is "otherwise subject to collateral attack." *Id.* A claim of error that is neither constitutional nor jurisdictional is not cognizable in a § 2255 proceeding unless the error constitutes "'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

When a prisoner files a § 2255 motion, the district court must first conduct a preliminary review, and "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior

---

[42] *Id.* at 9-13.
[43] *Id.*
[44] *Id.* at 13-17.
[45] *Id.* at 17-18.

6

proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 Proceedings for the U.S. District Courts, Rule 4(b). But, if the motion raises a non-frivolous claim to relief, the court must order the government to file a response or take other appropriate action. *Id.* The judge may then require the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery. *Id.* Rules 6-7. Then, after reviewing the government's answer, any transcripts and records of prior proceedings, and any supplementary materials, the court must determine if an evidentiary hearing is warranted. *Id.* Rule 8. An evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). However, the court need not hold an evidentiary hearing if the prisoner fails to produce an "independent indicia of the likely merit of [his] allegations."[46] *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quotation omitted).

A § 2255 petitioner bears the burden of establishing his or her claims of error by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). However, courts "liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel." *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). If the court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

### B. Waiver

As oft stated by the Fifth Circuit, "an informed and voluntary waiver of post-conviction relief is effective to bar such relief." *United States v. Del Toro-Alejandre*, 489 F.3d 721, 722 (5th

---

[46] Because the Court finds that Cheneau's filings conclusively fail to demonstrate his entitlement to relief, the Court will not order an evidentiary hearing. *See* 28 U.S.C. § 2255(b).

Cir. 2007) (quotation omitted). The plea waiving such relief must be knowingly and voluntarily made and is not rendered involuntary simply because induced by "a plea bargaining situation." *Gafford v. United States*, 438 F.2d 106, 107 (5th Cir. 1971). But an ineffective-assistance-of-counsel argument survives such a waiver "when the claimed assistance directly affected the validity of that waiver or the plea itself." *United States v. Crain*, 877 F.3d 637, 646 (5th Cir. 2017) (quotation omitted).

Here, Cheneau's plea agreement contained a waiver of his right to collaterally challenge his sentence through § 2255 petition, but specified that he retained the right to raise a claim of ineffective assistance of counsel in an appropriate proceeding.[47] Cheneau's guilty plea was knowing, willing, and voluntary.[48] He stated under oath that he understood the terms of the guilty plea, including the post-conviction waiver, he did not question his plea agreement, and he told the Court that no promise or inducement (other than the plea agreement) caused him to plead guilty.[49] Cheneau also affirmed that he reviewed the factual basis carefully with his attorney, he had ample opportunity to discuss the facts and circumstances of the case with his attorney, and he was entirely satisfied with his attorney's advice and services.[50] Three separate times during the rearraignment proceeding Cheneau stated that he wanted to plead guilty.[51] Cheneau's attorney also confirmed that he explained the charge to Cheneau, that he had enough time to investigate the facts and law concerning Cheneau's case, that he was satisfied Cheneau was pleading guilty voluntarily and with full knowledge of the consequences of his plea, and that he agreed with Cheneau's decision to plead guilty.[52] Thus, the record amply demonstrates that Cheneau understood the terms of his plea

---

[47] R. Doc. 116 at 2-3.
[48] R. Doc. 189 at 28.
[49] *Id.* at 17-22.
[50] *Id.* at 23-26.
[51] *Id.* at 12, 14, 27.
[52] *Id.* at 25-26.

agreement, including the waiver of his rights to appeal or collaterally attack his conviction and sentence. The Court therefore finds that Cheneau's waiver of his appellate rights was knowing and voluntary, meaning that he is barred from challenging his sentence except for his ineffective-assistance-of-counsel claim.

## C. Ineffective Assistance of Counsel

"An ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *United States v. Owens*, 94 F.4th 481, 486 (5thCir. 2024) (quotation omitted). Claims for ineffective assistance of counsel are governed by the two-part standard established in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail under *Strickland*, a defendant "must show that (1) his counsel's performance was deficient and (2) the deficient performance prejudiced the defense." *See Owens*, 94 F.4th at 486. Counsel's assistance is deficient if it "fell below an objective standard of reasonableness." *Id.* (quotation omitted). Judicial scrutiny of counsel's performance is "highly deferential" and applies a "strong presumption" that counsel's assistance was reasonable. *See Strickland*, 466 U.S. at 689. Deficient assistance of counsel prejudices a defendant if there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See id.* at 694. To meet the prejudice prong, a defendant "must affirmatively prove, and not merely allege, prejudice." *DeVille v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994). "Thus, even where counsel has rendered totally ineffective assistance to a defendant entering a guilty plea, the conviction should be upheld if the plea was voluntary. In such a case there is no actual and substantial disadvantage to the defense." *Id.* (quotation and alteration omitted). "A failure to establish either deficient performance or resulting prejudice defeats the claim." *United States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999).

9

Here, Cheneau has not shown that his counsel was deficient in the ways he says or that any alleged deficiencies prejudiced his defense, particularly, Cheneau's knowing, willing, and voluntary decision to plead guilty. First, any supposed defects in the indictment are not jurisdictional, and non-jurisdictional defects are ordinarily waived by entering a guilty plea. *United States v. Sealed Appellant*, 526 F.3d 241, 242 (5th Cir. 2008). Also, Cheneau pleaded guilty to a single-count superseding bill of information, not the indictment. Cheneau does not claim that the superseding bill was defective. The Court further notes that the single-count bill was not, and could not have been, multiplicitous, as Cheneau claims.

Next, defense counsel was not ineffective for failing to contest the constitutionality and use of the sentencing enhancement under 21 U.S.C. § 851(a). The Fifth Circuit has recognized that the fact of a prior conviction does not have to be alleged in an indictment or proved to a jury. *United States v. Duenas*, 2004 WL 2368309, at *1 (5th Cir. Oct. 21, 2004). Cheneau received timely notice, by way of the superseding bill and information, that the government sought the sentencing enhancement. This Court confirmed at the rearraignment hearing that Cheneau understood that the sentencing enhancement would apply.[53] Cheneau concedes that the enhancement was properly applied and his assertion that the law about the application of § 851 may be changing does not render his counsel's performance deficient. Thus, Cheneau has not proved that counsel was ineffective for failing to contest the application of the sentencing enhancement under § 851.

Further, Cheneau's counsel was not ineffective for failing to introduce at the rearraignment or sentencing hearing nonexistent exculpatory evidence. Cheneau does not claim that the government failed to turn over exculpatory evidence, but rather that his counsel failed to introduce

---

[53] *Id.* at 8-9.

such evidence. In so claiming, Cheneau does not state what the evidence was or provide any proof of its existence. Cheneau and his counsel affirmed at the rearraignment that they had adequate time to investigate the case, and that Cheneau was satisfied with counsel's services.[54] Thus, Cheneau has not proved that counsel was ineffective for failing to introduce nonexistent exculpatory evidence.

Finally, Cheneau has not shown either deficiency or prejudice to his defense in any of the other ways he claims. He was notified of, and present at all critical hearings, including the initial appearance,[55] the arraignment related to the original indictment,[56] the detention hearing,[57] the hearing to determine counsel,[58] the *Frye* hearing,[59] and the rearraignment on the superseding bill of information.[60] Also, Cheneau has not shown that any statutory deadlines were missed. Moreover, Cheneau does not discuss how any objections would have been successful or that his attorney's alleged failure to enter certain objections was anything other than tactical choices made in accordance with their litigation strategy. In sum, Cheneau has not proved any other deficiency in his counsel's performance or prejudice resulting from any such alleged deficiency.

## IV.   CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Cheneau's § 2255 motion (R. Doc. 180) is DENIED.

New Orleans, Louisiana, this 5th day of August, 2025.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[54] *Id.* at 25-26.
[55] R. Doc. 17.
[56] *Id.*
[57] R. Doc. 27.
[58] R. Doc. 70.
[59] R. Doc. 110.
[60] R. Doc. 114.